**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **STEVEN PAUL WILSON,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-14-CA-383-LY** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Dept. of Criminal Justice–** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support (Document 1-1); Petitioner's Supplemental Grounds for Relief (Document 3); Petitioner's Supplemental Memorandum (Document 4); Respondent's Answer (Document 11); and Petitioner's response thereto (Document 12). Petitioner, represented by counsel, has paid the filing fee for his petition. For the reasons set forth below, the undersigned finds that the petition should be denied.

## STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 21st District Court of Lee County, Texas, in cause number 7036.[1] On August 11, 2009, Petitioner pleaded guilty to driving while intoxicated ("DWI").  The trial court sentenced Petitioner to five years' imprisonment but probated that term for five years.  On April 20, 2010, the trial court determined that Petitioner had violated the conditions of his probation.  The court revoked Petitioner's probation and imposed the full five-year sentence.

Petitioner appealed his revocation.  The Third Court of Appeals of Texas affirmed the revocation. *Wilson v. State*, 03-10-00395-CR, 2011 WL 350437 (Tex. App.—Austin Feb. 3, 2011). The Texas Court of Criminal Appeals refused his petition for discretionary review. *Wilson v. State*, PDR Nos. 192-11 (Tex. Crim. App. Sept. 14, 2011).

Petitioner then filed a state application for habeas corpus relief.  The trial court ordered an evidentiary hearing on the application and entered findings of fact recommending denial of the application.  On April 30, 2014, the Court of Criminal Appeals denied the application without a written order on the findings of the trial court. *Ex parte Wilson*, WR-78,973-02, at cover.

**B.     Petitioner's Grounds for Relief**

Petitioner alleges that his trial counsel was ineffective for six reasons:

1.      failing to investigate and present medical reasons for Petitioner's criminal behavior;

---

[1]Respondent also has custody of Petitioner pursuant to a judgment and sentence of the 21st District Court of Lee County, Texas, in cause number 7004.  Petitioner challenges that conviction in cause No. A-14-CA-382-LY.

2.        failing to prepare for sentencing and allowing the State to portray Petitioner as a methamphetamine dealer;

3.        allowing Petitioner to plead guilty involuntarily while Petitioner was under the influence of alcohol and medication;

4.        representing Petitioner despite a conflict of interest; and

5.        failing to investigate or interview witnesses in preparation for Petitioner's sentencing.

## C.    Exhaustion of State Court Remedies

Respondent asserts that two grounds for relief brought in Petitioner's pro se amendment to his petition were not raised in any state court. In the motion to amend his petition, Petitioner sought to amend his fourth and sixth grounds for relief, as stated above. To his fourth ground, Petitioner requested to add that his counsel acted under a second conflict of interest involving his fee and Petitioner's mother. To his sixth ground for relief, Petitioner wished to add that his plea was involuntary because counsel misrepresented the conditions of probation Petitioner would have to follow. After reviewing the state-court records, this Court agrees with Respondent that Petitioner did not raise either of these issues in the state courts.

A subsequent state application for habeas corpus on Petitioner's unexhausted issue would be futile because it would be dismissed pursuant to TEX. CODE CRIM. PROC. art. 11.07, § 4, as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. *Harris v. Reed*, 489 U.S. 255, 262 (1989).

Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. *Coleman*, 501 U.S. at 735. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *Id*. at n.1. A petitioner, however, can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the federal claim would result in a miscarriage of justice. *Moore v. Roberts*, 83 F.3d 699, 702 (5th Cir. 1996), citing *Coleman*, 501 U.S. at 750.

Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of his claims would result in a miscarriage of justice. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001). Therefore, Petitioner is barred from raising his unexhausted claims.

## DISCUSSION AND ANALYSIS

### A. The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington v. Richter*, 562 U.S. 86, 97–100 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>   (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.*  Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted).  The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no explanation with a state-court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.*  And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an

unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Harrington*, 562 U.S. at 100 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740–41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

## B.   Ineffective Assistance of Counsel

Petitioner argues that he was denied effective assistance of counsel on five different grounds. Petitioner raised this issue, and the same five grounds for relief, in his state application for habeas

corpus relief.  The Court of Criminal Appeals rejected the merits of Petitioner's claim.  As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.  In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential.  *Id.* at 686–89.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id.* at 689.  "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* (citation omitted).  Ultimately, the

focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged.  *Id.* at 695–97.  Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 687.

    1.    <u>Failure to Investigate Petitioner's Medical History and Condition</u>

Petitioner first alleges his counsel failed to have Petitioner examined for evidence of psychological problems.  Had counsel done so, says Petitioner, counsel would have discovered that Petitioner suffers from a "movement disorder" that makes him unable to control his impulses.  Petitioner says a proper diagnosis, and treatment for his disorder, would have helped him "conform to the conditions of release."  Doc. 1-1 at 17.[2]  Instead, Petitioner says he agreed to a plea bargain with probation requirements that made his revocation "an absolute certainty."  *Id.* at 24.

The record belies Petitioner's allegations.  The state court concluded in its findings on Petitioner's state habeas corpus application that counsel did investigate Petitioner's mental status.  Doc. 8-9 at 18.  Petitioner had admitted to counsel that he understood what he was doing the night he was arrested.  *Id.*  Petitioner's mother also told counsel "everything she knew" about Petitioner's mental health, which included no evidence of a significant mental disorder.  *Id.*  Counsel for Petitioner in his state habeas corpus proceedings did order Petitioner to undergo a neuropsychological evaluation; that evaluation revealed the "movement disorder" that Petitioner discusses in his § 2254 petition.  *Id.* at 19.  But Petitioner presents no evidence that he was suffering

_____

    [2]Page numbers referenced are the numbers listed on the top of the electronically filed document.

from that disorder when he committed the crimes relevant to this case.  Nor has Petitioner suggested, or offered any evidence showing, the state court's factual findings were unreasonable.  *See* 28 U.S.C. § 2254(e)(1) (petitioner has burden to rebut, with "clear and convincing evidence," presumption that state court's factual findings are correct).  He instead has offered only conclusory allegations against counsel based on facts not present in the record.  Those allegations do not raise a constitutional issue in a federal habeas proceeding.  *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).  Without any evidence that counsel performed deficiently, or that Petitioner was thereby prejudiced, this ground for relief fails.

2. <u>Failure to Prepare; Allowing State to Portray Petitioner as a Drug Dealer</u>

Petitioner next asserts that counsel failed to prepare for sentencing and allowed the State to portray Petitioner as a methamphetamine dealer.  According to Petitioner, counsel allowed the State incorrectly to read Petitioner's out-of-state convictions into the record and to assert that the convictions were for dealing "dangerous drugs" or "methamphetamine."  Doc. 1-1 at 27.  In fact, Petitioner says, his previous convictions involved only marijuana and cocaine.  Petitioner argues that because of this inaccurate portrayal of his criminal history, which counsel should not have allowed, Petitioner was prejudiced at sentencing.

Though Petitioner has raised this ground for relief regarding his conviction for DWI, his criminal history was relevant only to a subsequent conviction for aggravated assault.  *See Wilson v. Stephens*, No. A-14-cv-382 (W.D. Tex.).  Thus, there is nothing in this ground for the Court to review regarding Petitioner's DWI conviction.

3.      Allowing Petitioner to Enter Guilty Plea Involuntarily[3]

In his next ground for relief, Petitioner contends counsel improperly allowed him to plead guilty while Petitioner was under the influence of pain medicine and alcohol.  Petitioner says he had been consuming alcohol and pain medicine the night before a court hearing, and into the morning, and did not expect to enter a plea at the hearing.  He says his counsel knew, or should have known, that Petitioner was intoxicated and should not have allowed him to plead guilty in that condition.

For Petitioner's guilty plea to be valid, he had to enter it voluntarily, knowingly, and intelligently.  *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007).  A plea will be considered voluntary if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)).  A reviewing court must look to "'all of the relevant circumstances surrounding'" the plea to determine if it was entered voluntarily.  *Id.* at 364–65 (quoting *Brady v. United States*, 397 U.S. 742, 749 (1970)).

At the hearing on Petitioner's guilty plea, Petitioner informed the court that he understood and forfeited his trial and appellate rights, understood the charges and potential punishments, and voluntarily was pleading guilty to the charges against him.  Doc. 8-5 at 5–7.  He said his attorney had reviewed the guilty plea with him before Petitioner signed, and Petitioner had no questions about the plea agreements or the sentencing proceedings.  There is no suggestion anywhere in the transcript

_____

[3]Respondent insists that this claim is untimely because it relates to Petitioner's sentence of probation, which began on August 11, 2009, and which Petitioner did not appeal.  By Respondent's calculation, a petition under § 2254 should have been filed by September 10, 2010.  Petitioner filed his petition on May 5, 2014.  Because the Court concludes that this ground for relief has no merit, however, it will not address Respondent's timeliness argument.

that Petitioner was entering the plea involuntarily or that the court or either attorney present had any concerns about his mental state during the hearing.

The transcript from the evidentiary hearing on Petitioner's application for state habeas corpus relief bolsters that conclusion. Petitioner's attorney testified at the hearing that, before attending law school, he worked as a Texas State Trooper for 20 years. Doc. 8-4 at 56. As a trooper, he was extensively trained to detect a person's intoxication from the use of alcohol. *Id.* at 72. Counsel said he carefully evaluated his clients when speaking with them about the factual or legal details of their case. *Id.* at 73–74. He said that the morning Petitioner pleaded guilty in the underlying case, Petitioner had no odor of alcohol on his breath; did not have bloodshot, watery eyes; was not slurring his speech; and was able to answer counsel's questions understandably and intelligently. *Id.* at 74. Counsel saw no signs whatsoever of physical or mental impairment; and Petitioner, counsel concluded, "was definitely not intoxicated." *Id.* The state court accepted counsel's testimony and found that Petitioner "had the full and normal use of his mental and physical capacities on the day in which he entered his plea" and "had a rational as well as factual understanding of the proceedings against him." Doc. 8-9 at 23.

Based on the facts, as determined by the state court, this Court concludes Petitioner has not shown his guilty plea was entered involuntarily. Trial counsel for Petitioner testified that Petitioner showed no signs of intoxication, and the transcript from the plea hearing likewise reveals no suggestion that Petitioner was involuntarily entering his plea of guilty. Petitioner has not presented "clear and convincing evidence" to rebut this Court's presumption that the state court's factual findings are correct. 28 U.S.C. § 2254(e)(1). Because there is no evidence that Petitioner entered

his guilty plea involuntarily, counsel was not ineffective for allowing Petitioner to enter the plea. Accordingly, this third ground for relief fails.

      4.     <u>Representing Petitioner Despite a Conflict of Interest</u>

Next, Petitioner asserts counsel had a conflict of interest, about which he did not tell Petitioner, that prevented counsel from effectively representing Petitioner at sentencing.  According to Petitioner, counsel previously had represented a man named Ramon Rhodes, who allegedly had given marijuana to Petitioner to hold.  Counsel previously had represented Rhodes in an unrelated matter.  Petitioner says he was held accountable for attempting to sell the marijuana, when he actually was only holding it for Rhodes.  But because of counsel's earlier representation, Petitioner insists, counsel was unable to counter the assertion that Petitioner was selling marijuana and, thus, unable to bargain for a lower sentence for Petitioner.

To succeed on this claim, Petitioner must show that his attorney represented him despite an actual conflict of interest, which hindered counsel's performance.  *Perillo v. Johnson*, 79 F.3d 441, 447 (5th Cir. 1996) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)).  An "actual conflict" exists if counsel represented two clients whose interests in the relevant matter are different.  *Id.*  Petitioner has the burden of identifying decisions of counsel in the record that demonstrate counsel's choice of one client (Ramon Rhodes) over another (Petitioner).  *See id.*

In the state-court post-conviction proceedings, trial counsel testified about Ramon Rhodes. Counsel said that his firm had handled a case or two for Rhodes approximately two years before Petitioner's offense.  Doc. 8-4 at 84.  Petitioner did not mention Rhodes to counsel, not even when counsel asked Petitioner if he thought someone had set him up with the marijuana.  *Id.* at 86. Counsel recalled, however, that Petitioner "may have mentioned at the time of sentencing that

Mr. Rhodes might have called that in." *Id.*  Counsel then asked the county attorney on Petitioner's case whether Rhodes was involved.  *Id.* at 85.  The county attorney told counsel that "Mr. Rhodes was definitely not involved in that particular case. . . .  It was somebody else named Albert something or other . . . ." *Id.*  Rhodes, counsel said, would not even have been a witness called by either side regarding Respondent's motion to adjudicate his revocation.  *Id.*  Based on this testimony, the state court concluded that counsel had no conflict of interest, and Petitioner was not prejudiced by counsel's earlier representation of Rhodes.  Doc. 8-9 at 27.

As with Petitioner's previous claims, he provides no evidentiary support whatsoever that counsel performed deficiently.  Though counsel acknowledged he at one point two years earlier had represented Rhodes in an unrelated matter, Rhodes was irrelevant to Petitioner's case.  Petitioner did not mention Rhodes to counsel during plea negotiations or before sentencing.  Counsel mentioned that Petitioner may have said something around the time of sentencing, but the county attorney confirmed with counsel that Rhodes was uninvolved with Petitioner's case.  Petitioner's assertion that his counsel could have offered information on Rhodes to garner a lighter sentence for Petitioner is thus unfounded.  There is no evidence to suggest counsel had an actual conflict of interest, and this ground for relief fails.

   5.   Failure to Investigate Character Evidence for Penalty Phase

Petitioner next asserts counsel failed to investigate the availability of "possible positive character witnesses" to present at Petitioner's sentencing.  Doc. 1-1 at 48.  Petitioner says that his neighbors and acquaintances would have testified about his "basic goodness," but counsel did not seek potential witnesses from Petitioner or otherwise investigate in preparation of sentencing.  *Id.*

at 51.  Because of this lack of preparation, Petitioner concludes, he "was truly abandoned by his lawyer" and "alone at this important stage of the trial process."  *Id.* at 52.

To his petition under § 2254, as he did in the state post-conviction proceedings, Petitioner attached affidavits from four purported witnesses who, their affidavits say, would have testified on his behalf.  Doc. 1-1 at 77–84. All four witnesses swear that no one representing Petitioner contacted them regarding Petitioner or his case.

As the Fifth Circuit has noted, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  *Sonnier v. Quarterman*, 476 F.3d 349, 358 (5th Cir. 2007) (citing *Strickland*, 466 U.S. at 691).  It is possible that counsel's decision not to call any of the witnesses who submitted affidavits was unreasonable, though the state court concluded that it was not.  In either event, Petitioner also must show that counsel's decisions prejudiced him.  *Id.*  Petitioner does not explain how the purported mitigation witnesses would have changed the outcome of his sentencing.  Petitioner and the State already had completed a plea agreement encompassing the agreed-upon sentence of probation.  Petitioner does not even hint at how the witnesses' testimony would have affected the plea agreement or his probationary sentence.  Nor does Petitioner suggest how their testimony would have changed the outcome of his revocation hearing, at which the suspended sentence was imposed.  The court told Petitioner that it was "tired of excuses" from Petitioner, and reminded him that he was "given a sweetheart of a deal to avoid prison, and you blew it."  Doc. 6-7 at 13.  On state habeas review, the trial court determined there was no evidence the character witnesses' proposed testimony would have affected the outcome of the trial or plea process.  Doc. 8-9 at 24.  Without any showing from

14

Petitioner how his witnesses' testimony that he was "a good person" would have resulted in an even lower sentence, this ground for relief fails.

      6.    <u>Conclusion</u>

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

## **RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a

district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

**SIGNED** on July 16, 2015.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE